UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GABRIEL GIJON LOPEZ,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-3092

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.11.)

In an order entered on November 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the May 28, 2026, bond hearing on November 5, 2026. (Resp., ECF No. 5; Recording of May 28, 2026, Bond Hearing, filed on Nov. 5, 2026.) Petitioner filed his reply on November 9, 2026. (ECF No. 6.)

## II. Relevant Factual Background

Petitioner is a citizen of Mexico who entered the United States in 2019. (Pet., ECF No. 1, PageID.1.) On June 26, 2025, Petitioner was arrested by ICE. (*Id.*, PageID.6.)

On April 27, 2026, Petitioner filed a § 2241 petition challenging his initial detention in *Gijon Lopez v. Raycraft* (*Gijon Lopez I*), No. 1:26-cv-1348 (W.D. Mich.). In *Gijon Lopez I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Gijon Lopez I*, (W.D. Mich. May 20, 2026), (ECF Nos. 6, 7).

On May 28, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Resp., ECF No. 5, PageID.68.) At the conclusion of the May 28, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Flight risk. Pending removal order." (Immigration Judge Order, ECF No. 5-2, PageID.82.)

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on May 28, 2026.[1] Specifically, Petitioner argues that the Immigration Judge failed to require the government

[1] To the extent that Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in

to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 13, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

---

the Immigration Court based on a material change in circumstances, such as the length of his detention, pursuant to 8 C.F.R. § 1003.19(e).